FILED

SEP 19 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | I N D I C T M E N T |
| ) | |
| Plaintiff, ) | **1:24 CR 00353** |
| ) | |
| v. ) | CASE NO._____ |
| ) | Title 26, United States Code, |
| MICHAEL ROBERTS, ) | Section 7202 and Title 18, |
| ) | United States Code, Section 2 |
| Defendant. ) | **JUDGE ADAMS** |

GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1.      Defendant MICHAEL ROBERTS and Person 1 were a married couple who
resided in the Northern District of Ohio, Eastern Division.

2.      Progressive Alternatives ("PA") was a sole proprietorship operating in and around
Lake County and Ashtabula County, Ohio, in the Northern District of Ohio, Eastern Division.
PA was engaged in providing in-home care for individuals with developmental disabilities.

3.      Person 1 purchased PA in or around February 2011.

4.      Defendant was employed by PA, first as a direct care provider and, later, as
executive director and co-owner.

5.      The Internal Revenue Service ("IRS") was an agency of the United States
Department of the Treasury responsible for administering the tax laws of the United States and
collecting taxes owed to the United States.

6.      Pursuant to the Internal Revenue Code and associated statutes and regulations,
employers such as PA are required to withhold amounts from their employees' gross pay

including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes will be referred to in this Indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter.

7.     In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

8.     Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

9.     A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

10.     Beginning in or around 2013 or 2014, Defendant exercised control over PA's financial affairs by, among other acts, serving as PA's executive director and co-owner; having authority to handle PA's payroll; issuing and signing or causing the signing of payroll checks;

2

and generating and issuing Forms W-2 to PA employees. Accordingly, Defendant was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for PA's employees.

COUNTS 1 – 8
(Failure to Account for and Pay Over Taxes, 26 U.S.C. § 7202 and 18 U.S.C. § 2)

The Grand Jury charges:

11.     The allegations contained in paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if stated fully herein.

12.     Prior to Person 1's purchase of PA, Defendant was an employee of PA providing direct care to PA's clients.

13.     Beginning in or around 2013 or 2014, Person 1, who was and remained the signatory on PA's bank account, gave Defendant authority to handle PA's payroll; issue payroll checks to PA employees; sign or cause to be signed PA's payroll checks; and issue or cause to be issued Forms W-2.

14.     On or around February 1, 2017, PA's orientation materials for new employees identified Person 1 as PA's owner and Defendant as PA's executive director and co-owner. The orientation materials also indicated that Defendant became a co-owner of PA in 2014 and that Defendant was responsible for managing all of PA's payroll information.

15.     The PA payroll checks Defendant issued and caused to be signed reflected that PA had withheld trust fund taxes from employees' wages.

16.     The Forms W-2 Defendant issued or caused to be issued and delivered to PA employees indicated that PA had withheld trust fund taxes from employees' wages for the respective tax years.

3

17.     During the time Defendant was responsible for PA's payroll, neither Defendant nor Person 1 filed or caused to be filed Forms W-2 for PA employees.

18.     During the time Defendant was responsible for PA's payroll, neither Defendant nor Person 1 filed or caused to be filed Forms 941 to report the collection of trust fund taxes for PA employees.

19.     During the time Defendant was responsible for PA's payroll, neither Defendant nor Person 1 paid over PA's trust fund taxes to the IRS.

20.     In or around October 2017, Person 2, a PA employee who was seeking to retire, learned from the Social Security Administration that PA had not paid over PA's trust fund taxes. Shortly thereafter, Person 2 made Defendant and Person 1 aware that PA had not been paying trust fund taxes.

21.     Even after being on notice in or around October 2017 that trust fund taxes withheld by PA had not been paid over to the IRS, neither Defendant nor Person 1 ever filed or caused to be filed Forms 941 or W-2, or paid over or caused to be paid over withheld trust fund tax amounts to the IRS.

22.     On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MICHAEL ROBERTS, who was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of PA the trust fund taxes imposed on its employees by the Internal Revenue Code, did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of PA, each quarter constituting a separate count of this Indictment:

4

| Count | Calendar Quarter Ending | Due Date of Form 941 | Total Quarterly Unpaid Trust Fund Taxes |
|-------|------------------------|---------------------|------------------------------------------|
| 1 | December 31, 2017 | January 31, 2018 | $ 112,616.50 |
| 2 | March 31, 2018 | April 30, 2018 | $ 114,070.75 |
| 3 | June 30, 2018 | July 31, 2018 | $ 114,070.75 |
| 4 | September 30, 2018 | October 31, 2018 | $ 114,070.75 |
| 5 | December 31, 2018 | January 31, 2019 | $ 114,070.75 |
| 6 | March 31, 2019 | April 30, 2019 | $ 41,356.00 |
| 7 | June 30, 2019 | July 31, 2019 | $ 41,356.00 |
| 8 | September 30, 2019 | October 31, 2019 | $ 41,356.00 |
| | | TOTAL | $ 692,697.50 |

All in violation of Title 26, United States Code, Section 7202 and 18, United States Code,

Section 2.


A TRUE BILL.


Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government

Act of 2002.


5